UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| James Michael McDermott, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | CAUSE NO. 3:08-CV-440 CAN |
| Village of Walkerton, *et al.*, | ) ) ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

On September 28, 2009, Defendants, Frank Canarecci and St. Joseph County, filed a motion to dismiss. On October 8, 2009, Defendants, Town of Walkerton, Gary Layer, and Matt Pitney, filed a motion to join the motion to dismiss. As of this date, there has been no response by Plaintiff, James McDermott ("McDermott"), to the Defendants' motion. An adverse party shall have fifteen days after service of a motion in which to serve and file a response. N.D.L.R. 7.1(a). Failure to file a response within the time prescribed may subject the motion to summary ruling. Id. Because no party has responded to Defendants' motion, this Court can only assume that there is no objection.

In addition, this Court finds that McDermott's complaint should be dismissed on the merits as well. On September 22, 2008, McDermott filed a complaint under § 1983 against the Defendants. On August 16, 2009, McDermott died from causes unrelated to his § 1983 action. Defendants contend that the action does not survive the death of the McDermott. Specifically, the Defendants argue that the survival of a claim under § 1983 is determined by the state law of the forum state in which the Court sits, and that, under relevant Indiana state law, McDermott's claim does not survive his death.

42 U.S.C.§ 1983 itself is silent on the issue of survival of a claim when the Plaintiff is deceased. However, the statute directs the Court to "look to the most closely analogous state law to determine survivability." See Bass ex rel. Lewis v. Wallenstein, 769 F.2d 1173, 1188 (7th Cir. 1985). See also Robertson v.Wegmann, 436 U.S. 584, 588-91 (1978); Anderson v. Romero, 42 F.3d 1121, 1123 (7th Cir. 1994). Thus, in deciding the survival of the Plaintiff's claim this Court will apply Indiana state law. Robertson, 436 U.S. at 594. See also Bentz v. Kendallville, 577 F.3d 776 (7th Cir. 2009); Hutchison v. Spink, 126 F.3d 895, 898 (7th Cir. 1997).

McDermott claims constitutional violations of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. However, this Court notes that all of McDermott's claims arise from his detention in the St. Joseph County Jail for four days without a probable cause hearing. The elements of McDermott's claim are nearly identical to the elements of the tort of false imprisonment under Indiana law. Bentz, 577 F.3d at 779. Indiana law establishes that a tort claim for false imprisonment does not survive a decedent's death. See Ind.Code § 34-9-3-1. See also Bentz, 577 F.3d at 780. Absent any legal arguments to the contrary, this Court concludes that the two claims are analogous, more so than any other tort claim under Indiana law. Consequently, Defendants' motion to dismiss is **GRANTED**. [Doc. No. 45]. Accordingly, this Court now dismisses McDermott's case. The clerk is instructed to enter judgment in favor of the Defendants.

**SO ORDERED.**

Dated this 23rd Day of October, 2009.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
